UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH TERRELL,

    Petitioner,

v.                                               Case No. 5:11-cv-130-Oc-30TBS

WARDEN, FCC COLEMAN- USP II,

    Respondent.
_____/

## ORDER DISMISSING PETITION

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is a federal prisoner at the Coleman Federal Correctional Complex within this district. Petitioner is challenging a conviction and sentence imposed in the United States District Court for the Eastern District of Pennsylvania.[1]

In the Petition, the Petitioner attacks the validity of his convictions and sentences rather than the means of execution. Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court. Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. *See* 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court denied him relief</u>[.]"

---

[1] *See USA v. Terrell,* case no. 4-cr-026.

The Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In Wofford, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal <u>or first § 2255 motion</u>.

Id. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to *Wofford*. To the extent Petitioner relies on *Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010), the Eleventh Circuit Court of Appeals rendered an en banc opinion in *Gilbert v. United States*, ___ F.3d ___, 2011 WL 1885674 (May 19, 2011), in which it concluded, as has every other federal circuit to consider the issue, that "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being

2

presented in a § 2255 motion by the second or successive motions bar of § 2255(h)." 2011 WL 1885674, at pg. 15.  The Eleventh Circuit also concluded "that the *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514 (1992)] actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guideline range than would otherwise have applied[.]" 2011 WL 1885674, at pg 24.  In light of these conclusions, which unmistakably govern the disposition of the petition in this case, Petitioner is not entitled to habeas relief in this § 2241 proceeding.

Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE